**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| STANLEY BENTON, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Case No. 1:12-CV-185 (WLS) |
| | : | |
| CRANE MERCHANDISING | : | |
| SYSTEMS, INC., | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER

Presently pending before the Court is Defendant Crane Merchandising Systems, Inc.'s Motion to Dismiss or Transfer Venue.  (Doc. 5.)  For the following reasons, Defendant's Motion to Transfer Venue (Doc. 5) is **DENIED,** and Defendant's Motion to Dismiss (Doc. 5) is **DENIED AS MOOT.**

## BACKGROUND

On December 15, 2012, Plaintiff filed a complaint against Defendant, alleging causes of action for disability discrimination and retaliation.  (Doc. 1.)  Defendant filed a Motion to Dismiss or Transfer Venue on January 7, 2013.  (Doc. 5.)  Defendant claimed that dismissal was proper because Plaintiff had failed to exhaust administrative remedies, and failed to sufficiently plead in accordance with the Federal Rules of Civil Procedure.  (*Id.* at 3, 6.)  Defendant also argued that the case should be transferred to the Aiken Division of the United States District Court for the District of South Carolina. (*Id.* at 12.)  Plaintiff filed responses to both motions on February 4, 2013.  (Docs. 9 & 10.)  Plaintiff filed his Right to Sue Letter from the Equal Employment Opportunity Commission ("EEOC") on February 9, 2013.  (Doc. 12.)

1

On February 18, 2013, Defendant filed Replies to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss and Motion to Transfer Venue.  (Docs. 13 & 15.)  Therein, Defendant asserted that the parties' arguments regarding dismissal for failure to exhaust administrative remedies were rendered moot because Plaintiff obtained a Right to Sue Letter from the EEOC.  (Doc. 13 at 3.)  With permission of the Court (Doc. 27), Plaintiff filed an Amended Complaint on June 19, 2013.  (Doc. 28.)  On July 3, 2013, Defendant filed a Motion to Dismiss Amended Complaint.   (Doc. 29.) Plaintiff filed his Response on August 2, 2013.  (Doc. 33.)

Plaintiff filed Sur-Reply in Opposition to Defendant's Motion to Transfer Venue on August 12, 2013 (Doc. 35) after obtaining permission from the Court to file same. (Doc. 34.)  In sum, currently before this Court, and relevant to the Motion to Transfer Venue, are Motion to Dismiss or Transfer Venue (Doc. 5), Response to Defendant's Motion to Transfer Venue (Doc. 10), Reply to Plaintiff's Response to Defendant's Motion to Transfer Venue (Doc. 15), and Plaintiff's Sur-Reply in Opposition to Defendant's Motion to Transfer Venue.  (Doc. 35.)

## DISCUSSION

Venue may be brought in any district "in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b)(2).  A district court may transfer any civil case to "any other district or division where it might have been brought" for "convenience of parties and witnesses, in the interests of justice."  28 U.S.C. § 1404(a).  The purpose of this transfer provision is to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.' "  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citing *Continental Grain Co. v. Barge*, 364 U.S. 19, 26 (1960)).  Defendant, as

the moving party, bears the burden of establishing that this matter should be transferred. *See*, *e.g.*, *Garay v. BRB Elecs.*, 755 F. Supp. 1010 (M.D. Fla. 1991). "The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (quoting *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. Unit B 1981)).

The first question is whether the transferee district is a venue where the action "might have been brought." *Mason v. Smithkline Beecham Clinical Labs.*, 146 F. Supp. 2d 1355, 1359 (S.D. Fla. 2001). A case "might have been brought" in a court with personal jurisdiction over the parties and proper venue. *See Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). Because Defendant is a resident of South Carolina for venue purposes, and is therefore subject to personal jurisdiction of the District of South Carolina, this action "might have been brought" in the United States District Court for the District of South Carolina. (*See* Doc. 5-2 at 2.) *See* 28 U.S.C. § 1391(b), (c)(2).

The second question is whether transfer is in the interests of justice. *See Mason*, 146 F. Supp. 2d at 1359. The factors considered are: 1) the weight accorded Plaintiff's initial choice of forum; 2) convenience of the parties and witnesses; 3) location of relevant documents and relative ease of access to sources of proof; 4) availability of judicial process to compel the attendance of unwilling witnesses; 5) relative means of the parties; 6) forum's familiarity with governing law; 7) the locus of operative facts; and 8) trial efficiency and the interests of justice, based upon the totality of the circumstances. *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

1)      *Weight Accorded Plaintiff's Initial Choice of Forum*

In this Circuit, there exists a "strong presumption against disturbing plaintiff's initial forum choice." *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1100 (11th Cir. 2004).  The plaintiff's choice should not be disturbed unless the balance is strong in the defendant's favor.  *Id.*  A plaintiff's choice of venue is accorded less weight where the majority of the operative events occurred in a different district than that which the plaintiff chose.  *See A.J. Taft Coal Co. v. Barnhart*, 291 F. Supp. 2d 1290, 1310 (N.D. Ala. 2003); *Bell v. K Mart Corp.*, 848 F. Supp. 996, 1000 (N.D. Ga. 1994).

The parties agree about the facts regarding the location of the particular events. Defendant argues that its choice of venue is proper because "its corporate headquarters [are] in South Carolina, [it] made its relevant personnel and business decisions from South Carolina, and allegedly took unlawful actions with respect to Plaintiff's employment … in South Carolina."  (Doc. 15 at 10.)  Defendant additionally alleges that Plaintiff's choice should be accorded less deference because, even if the operative events took place in Bainbridge, Bainbridge is within the Thomasville Division of the Middle District of Georgia, not the Albany Division.  (*Id.* at 8.)  Plaintiff argues that his choice of venue is proper because he worked at Defendant's facility in Bainbridge, his injury occurred at that location, and the alleged acts that violated federal law were carried out at that location.  (Doc. 10 at 3-5.)  Plaintiff also points out that the Thomasville Division of the Middle District of Georgia has been closed.  (Doc. 35 at 2.)

Plaintiff does not disagree that Defendant's principal place of business is in South Carolina or that the decisions relevant to this case were made at that location.  (*See* Doc. 10-1.)  Likewise, Defendant does not disagree that Plaintiff was hired to work exclusively

4

at its location in Bainbridge, the injuries Plaintiff sustained that are relevant to this suit occurred there, and the effects of Defendant's decisions were experienced by Plaintiff there. (*See* Doc. 5-2.) Although the allegedly unlawful decisions were made in South Carolina, those decisions were effectuated in Bainbridge, Georgia, where Plaintiff was employed to work for Defendant. Furthermore, the Thomasville Division closed in 2007, and Defendant does not explain its reasons for conflating choice of divisions and choice of districts for the purposes of venue. *See* 28 U.S.C. § 1391(b)(2). Based on the foregoing, the Court finds that Defendant has not demonstrated that the operative events giving rise to this suit occurred outside of Plaintiff's choice of forum. As such, Plaintiff's choice of venue will not be accorded less deference.

2)    *Convenience of the Parties and Witnesses*

Next, the Court must consider the convenience of the parties and witnesses. *Manuel*, 430 F.3d at 1135 n.1. Key witnesses are those who have information regarding the liability of the defendant. *Ramsey v. Fox News Network, Inc.*, 323 F. Supp. 2d 1352, 1357 (N.D. Ga. 2004) (citations omitted). Transfer is inappropriate when it "merely shifts the inconvenience from one party to another." *See Eye Care Int'l, Inc. v. Underhill*, 119 F. Supp. 2d 1313, 1319 (M.D. Fla. 2000). The burden is on Defendant to prove that this factor weighs in favor of transfer, and a general recitation that transfer is necessitated because of convenience to the parties and witnesses is not enough to support transfer. *J.I. Kislak Mortg. Corp. v. Conn. Bank & Trust Co.*, 604 F. Supp. 346, 348 (S.D. Fla. 1985).

As a factual matter, the parties do not dispute the location of the witnesses. David Melvin, Plaintiff's supervisor, lives in Kentucky. (Docs. 5-2 at 3, 10-1 at 3.) Graham Boyd, an employee at one of Plaintiff's administrative offices, lives in Missouri.

(Doc. 10-1 at 3.)  Glen Brown, an employee of Defendant, lives in Sugarhill, Georgia. (*Id.*)  Don Seay, Plaintiff's "former Area Service Manager," is located approximately an equal distance from Defendant's choice of venue and Plaintiff's choice of venue.  (Doc. 15 at 7 n.5.)  Peter Whitney, Mike Cano, and Cecilia Allen, all of whom are potential witnesses, are employees of Defendant and work in Williston, South Carolina.  (*Id.* at 5.) Angela Lyle is no longer employed by Defendant and lives in Williston, South Carolina. (*Id.*)  Plaintiff lives in Bainbridge, Georgia.  (Doc. 10-1 at 4.)  Jean Benton, Plaintiff's mother, lives in Thomasville, Georgia.  (*Id.* at 5.)  Dr. Kirk Mauro, M.D., is located in Tallahassee, Florida.  (*Id.*)

David Melvin, Graham Boyd, Glen Brown, and Don Seay will be required to travel regardless of whose choice of venue prevails.  Peter Whitney, Mike Cano, Cecilia Allen, and Angela Lyle live in or near Williston, South Carolina.  As such, transfer would be convenient for those witnesses.  However, Plaintiff, Jean Benton, and Dr. Kirk Mauro, live in Bainbridge, Thomasville, and Tallahassee, respectively.  For those witnesses, transfer would be inconvenient.  Based on the locations of the potential witnesses named by the parties, the Court finds that transfer would merely shift the inconvenience from one group of witnesses to another.  As such, this factor weighs against transfer. *See Eye Care Int'l*, 119 F. Supp. 2d at 1319.

Furthermore, Cecilia Allen is the only witness that Defendant indicates has "information regarding [its] liability," and Defendant does not indicate what her testimony at trial will be.  (*See* Doc. 15 at 5.)  As such, Defendant has failed to meet its burden to demonstrate that transfer is necessary.  *See J.I. Kislak*, 604 F. Supp. at 348.

3)     *Location of Relevant Documents and Relative Ease of Access to Sources of Proof*

Defendant alleges that all relevant documents are in Williston, South Carolina. (Doc. 5-2 at 2-3.)   A general recitation that transfer is necessitated because of the location of documents is not enough to support transfer.  *J.I. Kislak*, 604 F. Supp. at 348.   Further, because documents can be easily transported, this factor is not given heavy weight.  *Id.*  Accordingly, the Court finds that this factor weighs against transfer.

4)     *Availability of Judicial Process to Compel the Attendance of Unwilling Witnesses*

"[T]ransfer may be denied when the witnesses, although in another district, are employees of a party and their presence can be obtained by that party."  *Mason*, 146 F. Supp. 2d at 1361.  The type of witnesses who would render transfer appropriate are those necessary to the Defendant's defense and who are outside of the compulsory process of this Court.  *Wilson v. Island Sea Invs., Ltd.*, 590 F.3d 1264, 1270 (11th Cir. 2009).  Furthermore, "[a] general allegation that witnesses will be necessary without ... indicating what their testimony will be at trial" is not sufficient to support transfer.  *J.I. Kislak*, 604 F. Supp. at 348. (citations omitted).  Defendant has the burden to articulate the particular witnesses who would be unwilling to testify and that compulsory process would be necessary.  *Id.*

Cecilia Allen is the only witness Defendant alleges that it intends to call for its defense as a "material witness."  (Doc. 15 at 5.)  Ms. Allen lives in Williston, South Carolina and works for Defendant.  (*Id.*)   Because Defendant can compel her attendance, her absence from Plaintiff's choice of forum does not necessitate transfer. *Mason*, 146 F. Supp. 2d at 1361.   Also, Defendant has not demonstrated that Ms. Allen would be unwilling to testify.  The Court finds that this factor weighs against transfer.

7

5)      *Relative Means of the Parties*

Both parties allege that they would be greatly burdened by the necessity of travel to the other parties' desired venue.  (Docs. 5 at 14, 10 at 5.)  Plaintiff is an individual person, and Defendant is a corporation.  (Doc. 5-2 at 2-3.)  Because Defendant is a corporation operating a facility in Bainbridge, Georgia, the Court finds no support to the claim that requiring the Defendant to defend suit in this Court would be unduly burdensome.  In any event, the burden that would be imposed by requiring Plaintiff to travel to prosecute his claim in South Carolina, and requiring Plaintiff to arrange for the attendance of his witnesses in South Carolina, is much greater than that to be imposed on Defendant.  As such, the Court finds that this factor weighs against transfer.

6)      *Forum's Familiarity with Governing Law*

Because federal law governs this dispute, and neither party's choice of forum involves a specialized court, this factor is neutral.

7)      *Locus of Operative Facts*

As noted above, Plaintiff sustained an injury relevant to this suit in Bainbridge, Defendant employed Plaintiff to work in Bainbridge, and Defendant operates a facility and conducts business in Bainbridge.  Although the relevant decisions were made in Williston, South Carolina, those decisions were effectuated in Bainbridge.  The Court finds that the majority of the operative facts relevant to this case occurred in this district.  As such, this factor weighs against transfer.

8)      *Trial Efficiency and the Interests of Justice*

Defendant argues that Plaintiff's choice of venue has "no relation to the plaintiff's home forum or causes of action brought in his Complaint."  (Doc. 15 at 9.)  In support of its argument, Defendant cites *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947),

8

*Ford v. Brown*, 319 F.3d 1302, 1307 (11th Cir. 2003), and *Bell v. K Mart Corp.*, 848 F. Supp. 996, 1000 (N.D. Ga. 1994).  Each of those cases, however, involved plaintiffs with no connection whatsoever to the forum state.  *Gulf Oil*, 330 U.S. at 509-10; *Ford*, 319 F.3d at 1311; *Bell*, 848 F. Supp. at 1000.  Plaintiff lived, worked, and was injured in Bainbridge, Georgia.  (Doc. 10 at 2.)  The allegedly unlawful decisions that were made in Williston, South Carolina, were communicated to Plaintiff while he was in Bainbridge, Georgia.  (*Id.*)  Clearly, Plaintiff's choice of venue has at least some relation to the forum where the actions giving rise to this complaint arose.  On the other hand, Defendant's principal place of business is Plaintiff's only connection to Williston, South Carolina.  Although the District of South Carolina has an interest in ensuring the fair treatment of defendants within its jurisdiction, this Court has an interest in ensuring the vindication of the rights of citizens within this jurisdiction.  The Court finds that adjudicating this dispute in this district serves the interests of justice.  This factor weighs against transfer.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Transfer Venue is **DENIED.** Because Plaintiff filed an Amended Complaint with this Court's permission (Docs. 27, 28) and Defendant filed Motion to Dismiss Plaintiff's Corrected Amended Complaint (Doc. 29), all of which will be addressed in a separate order, Defendant's Motion to Dismiss (Doc. 5) is **DENIED AS MOOT.**

**SO ORDERED**, this __5th__ day of September, 2013.

/s/ W. Louis Sands_____
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**