**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| STANLEY BENTON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No.: 1:12-CV-185 (WLS) |
| : | |
| CRANE MERCHANDISING : | |
| SYSTEMS, INC., : | |
| : | |
| Defendant. : | |
| : | |

**ORDER**

Presently pending before the Court is Defendant Crane Merchandising Systems, Inc.'s Motion to Dismiss Plaintiff's Corrected Amended Complaint and Memorandum of Law (Doc. 29). Based on the following, Defendant's Motion to Dismiss Plaintiff's Corrected Amended Complaint and Memorandum of Law (Doc. 29) is **DENIED.**

**BACKGROUND**

On December 5, 2012, Plaintiff filed the instant Complaint alleging disability discrimination and retaliation. (*See* Doc. 1.) On January 7, 2013, Defendant filed Motion to Dismiss or Transfer Venue. (Doc. 5.) Plaintiff filed an Amended Complaint on June 29, 2013. (Doc. 28.) In his Amended Complaint, Plaintiff alleges that Defendant discriminated against him due to an actual or perceived disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102, *et seq.* (*Id.* at ¶ 7.) On March 28, 2012, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in Atlanta, Georgia. (*Id.* at ¶ 11.) Plaintiff alleges that on October 5, 2012 Defendant directed Plaintiff not to work or drive until further notice and "advised Plaintiff to file for FMLA and Short Term Disability."

1

(*Id.*)  Plaintiff claims that these actions constituted retaliation in violation of the ADA. (*Id.* at ¶ 27.)

On July 3, 2013, Defendant filed Motion to Dismiss Plaintiff's Corrected Amended Complaint.  (Doc. 29.)  On August 5, 2013, the Court issued an Order finding Defendant's earlier Motion to Dismiss moot because an Amended Complaint had been filed, and denying the Motion to Transfer Venue.  (Doc. 36.)  Plaintiff filed a Response to Motion to Dismiss Corrected Amended Complaint (Doc. 33) and the deadline to file a reply has passed without such a filing.  (*See generally* Docket.)

## ANALYSIS

### A.  Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim to relief that is plausible, and not merely just conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.' " *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.' " *Id.* (quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007)).  "The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is ... 'exceedingly low.' "  *Acosta v. Watts*, 281 F. App'x 906, 908 (11th Cir. 2008) (quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)).

While the Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the Plaintiff," *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003), in evaluating the sufficiency of a Plaintiff's pleadings, the Court must "make reasonable inferences in Plaintiff's favor, 'but we are not required to draw Plaintiff's inference.' " *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005)). The Supreme Court instructs that while on a Motion to Dismiss "a court must accept as true all of the allegations contained in a Complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Twombly*, 550 U.S. at 555, for the proposition that courts "are not bound to accept as true a legal conclusion couched as a factual allegation" in a complaint.) In the post-*Twombly* era, "[d]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**B.    Analysis**

    **i.    Disability Discrimination**

The Americans with Disabilities Act ("ADA") is a federal statute that prohibits employers from discriminating against people with certain disabilities. 42 U.S.C. § 12101(b)(1). To state a cause of action under the ADA, the Plaintiff must allege that he has a disability recognized by the ADA, is qualified, with or without reasonable accommodation, to perform the essential functions of his job, and suffered an adverse employment action due to his disability. *See* 42 U.S.C. 12112(a); *Doe v. Dekalb Cnty. School Dist.*, 145 F.3d 1441, 1445 (11th Cir. 1998). Under the ADA, "[t]he term

'disability' means ... (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

A person is " 'regarded as having ... an impairment [protected by the ADA]' if the individual establishes that he or she has been subjected to an action prohibited [by the ADA] because of an actual or perceived physical or mental impairment[, that is not transitory or minor,] whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3). "[I]n order to constitute a disability under the ADA, the impairment ... must substantially limit a major life activity." *Pritchard v. S. Co. Servs.*, 92 F.3d 1130, 1132 (11th Cir. 1996). To "substantially limit the ability to work, [the disability] must 'significantly restrict[] ... the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." *Id.* at 1133 (citing 29 C.F.R. § 1630.2(j)(3)(I)).

According to Plaintiff's Amended Complaint, Plaintiff "was involved in an automobile accident while on the job [in March 2000], working for Defendant [and as a result] suffered severe injuries and continues to suffer from medical conditions related to this injury." (Doc. 28 at ¶ 8.) Plaintiff asserts that, as a result of the injury, his "doctors released him to limited duty of working no more than forty hours per week." (*Id.*) Since that time, Defendant has allegedly required Plaintiff to work hours in excess of this limitation, threatened Plaintiff with termination, "held [Plaintiff] to a different standard than comparable employees due to his actual or perceived disability," and denied Plaintiff of a promotion in favor of less qualified employees who are not disabled or not perceived to be disabled. (*Id.* at ¶¶ 6-9.)

4

Defendant argues that Plaintiff's discrimination claim should be dismissed because Plaintiff has failed to "sufficiently allege[] that he was disabled or that [Defendant] perceived him as being disabled [and] that his medical conditions prevented him from performing any major life activities." (Doc. 29 at 4.) Plaintiff asserts that no "requirement has been set forth that plaintiffs specifically identify medical conditions constituting disabilities." (Doc. 33 at 3.) Plaintiff claims that he did not specifically identify his medical condition "for reasons of personal privacy."[1] (*Id.*)

Although Plaintiff's Amended Complaint does not specifically allege that he suffered from a disability that "substantially limits one or more … major life activities," *see* 42 U.S.C. § 12132, Plaintiff need not plead facts that would be required for a prima facie case on a motion for summary judgment. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). The Court finds that it is reasonable to infer that the car accident in which Plaintiff was involved caused injuries that substantially limit one or more major life activities. This conclusion is buttressed by Plaintiff's allegation that his doctors instructed that he not work more than forty hours per week.

Plaintiff "has also alleged that Defendant took action against him because it perceived him to be disabled." (Doc. 33 at 4.) Plaintiff argues, and the Court agrees, that discrimination for a perceived disability may be actionable even where the person does not in fact suffer from that disability. *See Sch. Bd. of Nassau Cnty., Fla. v. Arline*, 480 U.S. 273, 282 (1987); *Williams v. Motorola, Inc.*, 303 F.3d 1284, 1290 (11th Cir.

---

[1] In support of his position that he need not specifically allege his medical condition for privacy reasons, Plaintiff cites *Blackwood v. Arc of Madison Cnty., Inc.*, No. CV-12-S-1000-NE, 2012 WL 5932451 (N.D. Ala. Nov. 26, 2012), as a case "on all fours" with the instant matter. (Doc. 33 at 4.) That case, however, does not explicitly address the extent of the plaintiff's allegations. *See id.* at *2. Instead, in a footnote, the court stated that "Plaintiff does not state the nature of her condition(s)." *Id.* at n.7. However, Plaintiff points to no direct authority to suggest that he can put his medical condition at issue and then claim he need not disclose that condition due to privacy concerns.

5

2002). For the reasons mentioned above, Plaintiff has alleged facts that are sufficient to survive a motion to dismiss as to his claim that he was discriminated against based on a perceived disability.

### ii. Retaliation Claim

To establish a claim for retaliation, Plaintiff must allege that he engaged in statutorily protected activity, he suffered a materially adverse action, and there was a casual relation between the protected activity and the adverse action. *Penaloza v. Target Corp.*, No. 13-10446, 2013 WL 5828008, *2 (11th Cir. Oct. 31, 2013) (citing *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008)). "[A] materially adverse action is one that 'might have dissuaded a reasonable worker from making or supporting a charge of discrimination.' " *Hall v. Dekalb Cnty. Gov't*, 503 F. App'x 781, 789 (11th Cir. 2013) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). As to the causation element, Plaintiff "must establish that his ... protected activity was a but-for cause of the alleged adverse action by the employer." *U. of Tex. S.W. Medical Center v. Nassar*, 133 S. Ct. 2517, 2534 (2013).

Plaintiff claims that he filed a charge of discrimination with the EEOC in Atlanta, Georgia on March 28, 2012. (Doc. 28 at ¶ 11.) On October 5, 2012, Defendant allegedly advised Plaintiff that he was not to work or drive until further notice, and advised Plaintiff to file for FMLA leave and short term disability. (*Id.*) Plaintiff asserts that he filed for leave and disability, but "those requests were denied, as Plaintiff is, in fact, able to work." (*Id.*) Plaintiff claims that he was not allowed to work from October 8, 2012 through February 18, 2013, and received no pay or compensation during that time. (*Id.* at ¶ 12.)

Defendant argues that Plaintiff's retaliation claim should be dismissed because "Plaintiff fails to plead sufficient facts to demonstrate either a materially adverse employment action or any causal relation between his charge and the alleged adverse employment action." (Doc. 29 at 5.) Plaintiff argues that Defendant's insistence that Plaintiff not return to work and not be paid for such absence amounts to a suspension without pay and is sufficiently adverse. (Doc. 33 at 5-6.) Also, Plaintiff asserts that he properly pleaded causation by alleging that, following the charge of discrimination he filed with the EEOC, he was told "not to work or drive until further notice, effective immediately, and advised Plaintiff to file for FMLA leave and short term disability." (Doc. 28 at ¶ 11.)

The Court finds that Defendant's alleged conduct qualifies as materially adverse. An action is materially adverse if "it well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.' " *Burlington*, 548 U.S. at 68. Here, Plaintiff alleges that he was suspended without pay for 103 days. (*See* Doc. 28 at ¶ 12.) This alleged suspension meets the standard for material adversity. *See Burlington*, 548 U.S. at 72.

Also, the Court finds that Plaintiff has alleged a sufficient causal nexus between the alleged materially adverse employment action and the charge of discrimination. The Court notes that Defendant cited to cases that held that temporal proximity, standing alone, is not sufficient for a *prima facie case*. However, as stated above, Plaintiff need not plead facts that would be required for a prima facie case on a motion for summary judgment. *See Swierkiewicz*, 534 U.S. at 511. Also, Plaintiff alleges more than mere temporal proximity. Plaintiff claims that Defendant told Plaintiff "not to work or drive until further notice [and] to file for FMLA and short term disability." (Doc. 28 at ¶ 11.)

7

By instructing Plaintiff "to file for FMLA and short term disability," Defendant specifically acknowledged Plaintiff's disability. This instruction allegedly came less than one year following the EEOC charge. The mention of Plaintiff's disability coupled with temporal proximity renders reasonable the inference that the instructions stemmed from the EEOC charge. As such, the Court finds that Plaintiff has sufficiently alleged causation under the ADA.

## CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss Plaintiff's Corrected Amended Complaint and Memorandum of Law (Doc. 29) is **DENIED.**

**SO ORDERED**, this  19th  day of November, 2013.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**